NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 11-4440

_____

UNITED STATES OF AMERICA

v.

JONATHAN BUTLER
                           Appellant

_____

On Appeal from the United States District Court for the
Eastern District of Pennsylvania
(District Court No. 2:10-cr-00354-001)
District Court Judge: Honorable Petrese B. Tucker

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 11, 2012

Before:  SMITH, CHAGARES, and GARTH, *Circuit Judges*.

(Filed: September 12, 2012 )

_____

OPINION OF THE COURT
_____

GARTH, *Circuit Judge*.

After a jury trial, Jonathan Butler was convicted of one count of willfully

interfering with a person operating an aircraft with intent to endanger the safety of any

person or with reckless disregard for the safety of human life (18 U.S.C. § 32 (a) (5)) and

one count of using a firearm in furtherance of a crime of violence (18 U.S.C. § 924 (c)). Butler now appeals, raising three claims: 1) the District Court improperly ruled that a prior statement of Butler's counsel was admissible for impeachment purposes; 2) Butler's conviction for using a firearm in furtherance of a crime of violence was legally impossible because the underlying offense is not a crime of violence; and 3) the District Court improperly instructed the jury regarding the *mens rea* requirement applicable to interfering with a person operating an aircraft.

We have jurisdiction over Butler's appeal of his conviction pursuant to 28 U.S.C. § 1291. For the reasons that follow, we will affirm Butler's conviction.

I

We write principally for the benefit of the parties and recite only the facts essential to our disposition.

Following an incident in which Butler fired several gunshots while being pursued by police officers and a police helicopter flying at low altitude and operating a powerful searchlight, Butler was arrested. At the time of the arrest, police recovered a pistol from Butler's waistband that was hot to the touch. Prior to a preliminary hearing on the matter in the Pennsylvania Court of Common Pleas in 2008, Butler's defense counsel, Attorney Joseph Santaguida, informed police officers in conversation that Butler had fired the gun but that he had not intended to hit the police helicopter. Approximately two years later, during a detention hearing before the Eastern District of Pennsylvania on June 15, 2010, Santaguida represented to the Magistrate Judge on the record that Butler had fired the pistol but that he had not fired it at the police. The court subsequently granted Santaguida

2

leave to withdraw as Butler's counsel, and Butler was represented by different counsel at trial.

Prior to the trial, the government moved for an order permitting the introduction of Santaguida's earlier statements concerning Butler having fired a gun in the event that Butler presented a defense inconsistent with those statements. The District Court ruled that the statements, though not admissible in the government's case in chief, could be admitted in the event that Butler presented an inconsistent defense. At trial, Butler did not testify, nor did he present a defense inconsistent with Santaguida's statements. The statements therefore were never introduced.

The jury convicted Butler of one count of willfully interfering with a person operating an aircraft with intent to endanger the safety of any person or with reckless disregard for the safety of human life in violation of 18 U.S.C. § 32 (a) (5)[1] and one count of using a firearm in furtherance of a crime of violence in violation of 18 U.S.C. § 924 (c).[2] Butler timely appealed.

---

[1] 18 U.S.C. § 32 (a) provides, in relevant part, that: "Whoever willfully . . . (5) interferes with or disables, with intent to endanger the safety of any person or with a reckless disregard for the safety of human life, anyone engaged in the authorized operation of such aircraft or any air navigation facility aiding in the navigation of any such aircraft . . . shall be fined under this title or imprisoned not more than twenty years or both."

[2] 18 U.S.C. § 924 (c) (1) (A) provides that: "Except to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law, any person who, during and in relation to any crime of violence or drug trafficking crime (including a crime of violence or drug trafficking crime that provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which the person may be prosecuted in a court of the United States, uses or carries a

II

Butler first claims that the trial court improperly ruled that prior statements his then-counsel Santaguida made to police officers and subsequently to a federal Magistrate Judge would be admissible if Butler presented a defense inconsistent with those statements. "We review the District Court's decisions as to the admissibility of evidence for abuse of discretion."[3] United States v. Bansal, 663 F.3d 634, 666 (3d Cir. 2011) cert. denied, 132 S. Ct. 2700 (U.S. 2012) (citing United States v. Serafini, 233 F.3d 758, 768 n. 14 (3d Cir. 2000)).

Prior to the adoption of the Federal Rules of Evidence, this court recognized that statements by counsel may be admitted if they were made within the scope of the attorney's authority. United States v. Catena, 500 F.2d 1319, 1327 (3d Cir. 1974). Consistent with this holding, Federal Rule of Evidence 801 (d) (2) (D) defines as non-hearsay a statement offered against a party "made by the party's agent or employee on a matter within the scope of that relationship and while it existed." Though this court has not addressed the application of 801 (d) (2) (D) to prior statements *by counsel*, "[t]he general admissibility of an attorney's statements, as well as the binding effect of an

---

firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime—
(i) be sentenced to a term of imprisonment of not less than 5 years;
(ii) if the firearm is brandished, be sentenced to a term of imprisonment of not less than 7 years; and
(iii) if the firearm is discharged, be sentenced to a term of imprisonment of not less than 10 years."
[3] Butler argues that our review should be plenary. We do not address this claim in light of our well established precedent.

opening statement within the four corners of a single trial, are . . . well established."
United States v. McKeon, 738 F.2d 26, 30 (2d Cir. 1984). See also Oscanyan v. Arms
Co., 103 U.S. 261, 263, 26 L. Ed. 539 (1880) ("any fact, bearing upon the issues
involved, admitted by counsel, may be the ground of the court's procedure equally as if
established by the clearest proof.").

Although the Second Circuit in McKeon, addressing the admissibility of
statements made by counsel to a jury in a previous trial, has articulated a heightened
standard for admitting such statements, that standard applies only to jury arguments in
previous trials. McKeon, 738 F.2d at 33; United States v. Amato, 356 F.3d 216, 219 (2d
Cir. 2004). The statements at issue in the present case were made first out of court and
again before the Magistrate Judge in the course of the proceedings from which Butler
now appeals.

Upon review, we conclude that the District Court did not abuse its discretion in
ruling that previous statements by counsel, which had been made on the record in the
course of pretrial proceedings in the present case, were admissible under § 801 (d) (2)
(D). We appreciate that "[t]he unique nature of the attorney-client relationship . . .
demands that a trial court exercise caution in admitting statements that are the product of
this relationship." United States v. Harris, 914 F.2d 927, 931 (7th Cir. 1990). We fail,
however, to see how the attorney-client relationship is burdened in the present case by the
admissibility of statements made at the times these were made and where the statements
were never admitted at any time or at trial.

## III

Butler next claims that his conviction for using a firearm in furtherance of a crime of violence in violation of 18 U.S.C. § 924 (c) was legally impossible because the underlying offense, 18 U.S.C. § 32 (a) (5), is not a crime of violence for purposes of § 924 (c). Butler concedes that he failed to preserve this claim, which we therefore review for plain error. See United States v. Saada, 212 F.3d 210, 224 (3d Cir. 2000). Under the plain error standard, "before an appellate court can correct an error not raised at trial, there must be (1) error, (2) that is plain, and (3) that affect[s] substantial rights. If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings." Johnson v. United States, 520 U.S. 461, 466-67, 117 S. Ct. 1544, 1548-49, 137 L. Ed. 2d 718 (1997) (internal quotation marks and citations omitted); accord United States v. Olano, 507 U.S. 725, 732-36, 113 S.Ct. 1770, 1776-79, 123 L.Ed.2d 508 (1993).

For purposes of 18 U.S.C. § 924 (c) (1) (A), "crime of violence" includes, inter alia, a felony "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 924 (c) (3) (B). We generally determine whether a crime qualifies as a "crime of violence" through a categorical approach, which requires "reading the applicable statute to ascertain the least culpable conduct necessary to sustain conviction under the statute." Aguilar v. Attorney Gen. of U.S., 663 F.3d 692, 695 (3d Cir. 2011) (internal quotation

6

marks omitted).[4] The least culpable conduct that may satisfy 18 U.S.C. § 32 (a) (5) involves willfully interfering, with a reckless disregard for the safety of human life, with anyone engaged in the authorized operation of an aircraft or air navigation facility.

Upon review, we cannot conclude that a violation of 18 U.S.C. § 32 (a) (5) plainly does not carry a substantial risk that physical force will be used in committing the offense. Section 32 (a) (5) requires more than mere recklessness; it is triggered only by an act of willful interference with a person operating an aircraft or navigation facility with, at the very least, reckless disregard for risk to human life. Such a willful act strongly suggests willingness to inflict harm and is also very likely to involve aggressive or violent behavior, and it was thus not plain error for the District Court to conclude that § 32 (a) (5) is a crime of violence. See United States v. Parson, 955 F.2d 858, 866 (3d Cir. 1992) (holding that "crime of violence" for purposes of 18 U.S.C. § 16 covers crimes in which the perpetrator "recklessly risks having to commit a specific intent crime" involving force but not "pure" recklessness offenses that do not imply such intent or willingness to use force). Butler's claim, therefore, is meritless, as the District Court did not err in construing § 32 (a) (5) as a crime of violence for purposes of 18 U.S.C. § 924 (c) (1) (A).

IV

Butler claims finally that the District Court erred by improperly instructing the jury regarding the mental state element of 18 U.S.C. § 32 (a) (5) by indicating that

---

[4] Although Aguilar concerns the term "crime of violence" as used in 18 U.S.C. § 16, the definition of "crime of violence" that appears in 18 U.S.C. § 924 (c) (3) is substantively identical to that of § 16, and caselaw interpreting § 16 thus properly guides our analysis.

reckless interference could satisfy the statute. Butler concedes that he failed to preserve his challenge to the District Court's jury instructions, and we therefore review this claim for plain error. Jones v. United States, 527 U.S. 373, 388, 119 S. Ct. 2090, 2102, 144 L. Ed. 2d 370 (1999). Given the barriers to relief inherent in plain error review; Johnson, 520 U.S. at 462, 117 S. Ct. at 1546; "[i]t is a rare case in which an improper instruction will justify reversal of a criminal conviction when no objection has been made in the trial court." United States v. Gambone, 314 F.3d 163, 182 (3d Cir. 2003) (internal quotation marks omitted).

As Butler acknowledges, the District Court properly articulated the elements of 18 U.S.C. § 32 (a) (5), including the statute's willfulness requirement, and the court further properly defined the terms "willful" and "reckless." In discussing the application of the recklessness standard to the present case, however, the court instructed the jury that "the government must prove beyond a reasonable doubt, first, that Jonathan Butler was aware of the substantial and unjustifiable risk that firing a semi-automatic gun at an aircraft could interfere or would interfere with the authorized operation of that aircraft. And second, that Jonathan Butler consciously disregarded that risk." The District Court thus indicated that the government must prove that Butler recklessly interfered with an aircraft, while § 32 (a) (5) requires a showing of willful interference.

Even assuming that the error claimed is plain, Butler's claim stumbles on the third prong of the plain error inquiry, which precludes relief unless the error affects substantial rights. Ordinarily, this "means that the error must have been prejudicial: It must have affected the outcome of the district court proceedings." Olano, 507 U.S. at 734, 113 S. Ct.

8

at 1778. Although we have repeatedly held an omission of an essential element of a crime to be prejudicial; see, e.g., United States v. Xavier, 2 F.3d 1281, 1287 (3d Cir. 1993), United States v. Dobson, 419 F.3d 231, 240 (3d Cir. 2005); in the present case, the District Court properly instructed the jury regarding each of the elements of the offense, including the requirement that Butler act willfully. The District Court's discussion of recklessness, moreover, placed on the government the burden of proving that Butler "fir[ed] a semi-automatic gun at an aircraft." To reach its verdict, therefore, the jury necessarily concluded that Butler not only fired his gun, but that he fired it at a low-flying helicopter tracking him with a powerful searchlight. In light of this finding, coupled with the fact that the jury was properly instructed regarding the elements of 18 U.S.C. § 32 (a) (5), including the willfulness requirement, we find it exceedingly implausible in the context of this case that the jury could have concluded that Butler intentionally fired his gun at the pursuing helicopter but that he did so merely with "deliberate indifference" as to whether he would consequently interfere with its operation. We therefore conclude that the outcome of the proceedings was not affected by the District Court's recklessness discussion.

V

For the foregoing reasons, the judgment of conviction will be affirmed.